# LEWIS
## BRISBOIS
## BISGAARD
## & SMITH LLP
ATTORNEYS AT LAW

77 Water Street, Suite 2100
New York, New York 10005
Telephone: 212.232.1300
Fax: 212.232.1399
www.lewisbrisbois.com

MARK K. ANESH
DIRECT DIAL: 212.232.1411
MARK.ANESH@LEWISBRISBOIS.COM

December 4, 2013

File No.
50013.1577

VIA ECF

Honorable Allen S. Trust
United States Bankruptcy Judge
United States Bankruptcy Court
Eastern District of New York
290 Federal Plaza
Central Islip, New York 11722

   Re: Rand International Leisure Products, LLC
     Adv. Pro. No.: 10-8693-ast
     Adv. Pro. No.: 10-8686-ast
     Adv. Pro. No.: 10-8274-ast
     Adv. Pro. No.: 10-8275-ast

Dear Judge Trust:

   We represent subpoenaed non-party witness, Jonathan Cohen.  I write in response to the letter by Gary M. Kushner, Esq., counsel for Century Sports, Inc., dated December 3, 2013.

   Mr. Cohen was served with a subpoena by Mr. Kushner's office in February, 2012. He was later served with a second subpoena by Pryor & Mandelup, LLP, counsel for the Trustee, in February, 2013.  Following the service of these subpoenas, Mr. Cohen's deposition was scheduled, cancelled and rescheduled a number of times among all parties.  All counsel, including Mr. Kushner, were involved in selecting various dates for Mr. Cohen's deposition.  On a number of occasions, Mr. Kushner asked that certain dates be changed to better fit his own schedule.

   Throughout this rescheduling process, Mr. Kushner **never** indicated that he was seeking to depose Mr. Cohen on a separate date.  Based on the numerous telephone calls and emails amongst counsel, including Mr. Kushner, it was apparent that we were

ATLANTA • BEAUMONT • BOSTON • CHARLESTON • CHICAGO • DALLAS • DENVER • FORT LAUDERDALE • HOUSTON • LA QUINTA • LAFAYETTE • LAS VEGAS • LOS ANGELES • MADISON COUNTY

NEW ORLEANS • NEW YORK • NEWARK • ORANGE COUNTY • PHOENIX • SACRAMENTO • SAN BERNARDINO • SAN DIEGO • SAN FRANCISCO • SEATTLE • TAMPA • TEMECULA • TUCSON

4835-4101-0199.1

Honorable Allen S. Trust
December 4, 2013
Page 2

selecting a date for Mr. Cohen to appear <u>on one day</u> to comply with <u>both</u> of the outstanding subpoenas.

After consideration of the schedules and availability of all parties, including Mr. Kushner's availability, on September 18, 2013, it was agreed by all parties that Mr. Cohen would be deposed on November 21, 2013. In the two months following the scheduling of Mr. Cohen's deposition, Mr. Kushner never mentioned whether he would question Mr. Cohen on that date or that he would only be "observing" the deposition. He also never indicated any desire or intention to schedule a second date to conduct his own deposition of Mr. Cohen.

On November 20, 2013 - the day before Mr. Cohen's scheduled deposition - Mr. Kushner emailed us a letter seeking to schedule *his* deposition of Mr. Cohen for December 16, 2013. Interestingly, he emailed us this letter **after business hours**. It seems clear that Mr. Kushner sent this letter because he was unprepared to go forward on the agreed-upon deposition date and did not want to ask for an adjournment.

On November 21, 2013 we produced Mr. Cohen for his deposition. Prior to the start of the deposition, my associate, Philip J. Furia, made it clear on the record that Mr. Cohen was being produced pursuant to and in satisfaction of each an every subpoena that had been served upon him in this matter. He also made it clear that we would not be producing Mr. Cohen at any later date without an order from the Court.

Trustee's counsel concluded his questioning of Mr. Cohen prior to lunch on that date. Mr. Furia then afforded Mr. Kushner (who was physically present) an opportunity to question Mr. Cohen. Even after we again stated, on the record, that we would not produce Mr. Cohen again, Mr. Kushner chose not to ask any questions. Mr. Kushner's letter states that he merely "observed Mr. Cohen's deposition on behalf of the Goldmeier entities," and did not participate. This is misleading as Mr. Kushner registered a number of objections and made several statements on the record.

It is our position that Mr. Cohen has complied with the subpoena served by Mr. Kushner, by appearing for his deposition on November 21, 2013. Mr. Kushner chose not to ask any questions at the deposition and has, thus, waived his right to depose Mr. Cohen. Mr. Kushner's request that we produce Mr. Cohen again is an undue burden upon him and is violative of Rule 45(d), which requires that an attorney "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

Honorable Allen S. Trust
December 4, 2013
Page 3


     In light of the foregoing, we ask that this Court deny Mr. Kushner's request that Mr. Cohen appear for a second deposition.  Thank you for your consideration of this matter.

                    Very truly yours,

                    Mark K. Anesh of
                    LEWIS BRISBOIS BISGAARD & SMITH LLP

MKA/PJF

cc:    Gary M. Kushner, Esq. (via email)
       J. Logan Rappaport, Esq. (via email)

---

4835-4101-0199.1